Elba Yaneth JIMENES MALDONADO,
Petitioner,

v.

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 03–72723.
Agency No. A72–133–942.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.**

Decided June 17, 2005.

Carolyn E. Reinholdt, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Mark Chestnutt, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM***

Elba Yaneth Jimenes Maldonado, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

■ Substantial evidence supports the IJ's adverse credibility finding. The IJ offered specific, cogent reasons for the decision based on inconsistencies between petitioner's application, asylum interview, and testimony, including regarding the alleged 1992 attack on petitioner's home by guerrillas. *See id.* at 1043.

■ Because petitioner does not challenge the IJ's denial of withholding of removal and CAT relief in her opening brief, the claims are waived. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir. 1996).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. See *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**